James P. Wagner, WSBA No. 10730
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500,
Seattle, Washington 98104-2323
206-587-0700 / Attorney for Defendants
CH2M Hill Plateau Remediation Company
and CH2M Hill Hanford Group, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LONNIE POTEET, a single man,<br><br>            Plaintiff,<br><br>     v.<br><br>CH2M HILL PLATEAU REMEDIATION COMPANY, a Washington State corporation, and CH2M HILL HANFORD GROUP, INC., a Delaware corporation,<br><br>            Defendants. | NO. CV-10-5131-LRS<br><br>Removed from:<br><br>Superior Court of the State of Washington, Benton County<br><br>State Court Civil No. 10-2-01878-3<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§1441, 1442 AND 42 U.S.C. §2210** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 (federal question removal), 1442 (federal officer removal) and 42 U.S.C. §2210 (the Price-Anderson Act) Defendants CH2M Hill Plateau Remediation Company ("CPRC") and CH2M Hill Hanford Group, Inc. ("CHG") (collectively "Defendants") hereby remove this civil action from the Superior Court of the State of Washington, in and for the County of Benton, to the United States District Court for the Eastern District of Washington. Defendants appear in the state court matter for the purpose of removal only and for no other purpose and reserve all rights, claims and

NOTICE OF REMOVAL - 1

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington  98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{01497517.DOC;2 }

defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction and venue, and state as follows:

### JURISDICTIONAL GROUNDS FOR REMOVAL

1.  Removal of this case pursuant to 28 U.S.C. §1441 is proper as it falls within the Court's federal question jurisdiction. Specifically, this case arises under the laws and Constitution of the United States and involves uniquely federal interests. In addition, removal is appropriate pursuant to 28 U.S.C. §1442(a)(1) because it involves an action against an officer of the United States or a person acting under him. Removal is also appropriate under 42 U.S.C. § 2210, the Price-Anderson Act.

### REMOVAL IS PROPER UNDER 28 U.S.C. §1446(b)

2.  On or about July 21, 2010, the Plaintiff, Lonnie Poteet, a single man, ("Plaintiff") filed his complaint in this action (the "Complaint") in the Superior Court of the State of Washington in and for the County of Benton, entitled Lonnie Poteet, a single man v. CH2M Hill Plateau Remediation Company, a Washington State corporation, 10-2-01878-3. A copy of the Summons and Complaint is attached to the Declaration of James P. Wagner ("Wagner Declaration") as Exhibit A.

3.  On or about October 20, 2010, Plaintiff filed his first amended complaint in this action titled Amended Complaint by Adding Party Defendant (the "First Amended Complaint") adding CH2M Hill Hanford Group, Inc., a Delaware corporation, as a defendant. A copy of the Amended Summons and First Amended Complaint is attached to the Wagner Declaration as Exhibit B.

4.  On or about October 20, 2010, Plaintiff served his second amended complaint in this action titled Second Amended Complaint by Adding Party Defendants (the "Second Amended Complaint") adding Does I-XV as defendants,

NOTICE OF REMOVAL - 2

*Cairncross & Hempelmann, P.S.*
Law Offices
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

but that document appears to be unsigned. A copy of the Second Amended Summons (also unsigned) and Second Amended Complaint is attached to the Wagner Declaration as Exhibit C.

5. The earliest date that Plaintiff served any of the Defendants with the Summons and Complaint was on or about October 8, 2010, based upon Service of Process Transmittals received from CT Corporation, Defendants' agent for service of process purposes. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint, First Amended Complaint and Second Amended Complaint is attached to the Wagner Declaration Exhibits A-C. Copies of the Service of Process Transmittals are attached to the Wagner Declaration as Exhibit D. A copy of the case schedule is attached as Exhibit E. No further proceedings have occurred in this action in the Superior Court of the State of Washington, Benton County.

6. The complaints and summons attached as Exhibits A-C, the Service of Process Transmittals attached as Exhibit D and the Benton County court's Case Schedule attached as Exhibit E are the only papers served or received in this proceeding to date.

7. Removal to the United States District Court for the Eastern District of Washington is proper because that District embraces Benton County.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days after receipt of the Summons and Complaint.

## PURSUANT TO 28 U.S.C. §1441, REMOVAL IS PROPER ON THE GROUNDS OF A FEDERAL QUESTION

9. Plaintiff alleges that on or about July 27, 2007, during the normal course of his employment by Fluor Hanford at the Richland Hanford site, he was negligently exposed to radiation and/or other toxic chemicals, causing injury to Plaintiff. (Amended Compl. at ¶¶ 2.1, 2.3, 2.5). Plaintiff further alleges that "as a

NOTICE OF REMOVAL - 3

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{01497517.DOC;2 }

proximate result of the Defendants' negligence and consequent exposure to radiation and/or other toxic chemicals, Plaintiff suffered permanent and severe personal injuries and other damages." *Id.* at ¶ 2.5.

10. Removal of this case is proper pursuant to 28 U.S.C. §1441(b), as it falls within the Court's federal question jurisdiction. This case arises under the laws and Constitution of the United States and involves uniquely federal interests. Moreover, resolution of the state law claims in this case will require adjudication of duties, rights and obligations under federal law.

11. As directed by congress, the Department of Energy (DOE) established the Office of River Protection to manage the DOE's most complex environmental cleanup project – Hanford tank waste retrieval, treatment and disposal. Defendant CHG was until September 30, 2008, the DOE Office of River Protection prime contractor under contract DE-AC27-99RL14047 with the responsibility for storing and retrieving radioactive and hazardous waste. Defendant CPRC[1] in June 2008 was awarded contract DE-AC06-08RL14788 and became a prime contractor for the DOE for the Richland Operations Office at Hanford to perform site cleanup, environmental remediation and restoration and decommission and demolition of facilities on the Hanford Central Plateau. The storage and handling of radioactive waste and materials are strictly governed by a comprehensive scheme of federal laws and regulations. *See, e.g.*, the Atomic Energy Act (42 U.S.C. §§ 2011 *et seq*) and the Nuclear Waste Policy Act (42 U.S.C. §§ 10101 *et seq.*).

---

[1] As of July 27, 2007, when the at-issue incident that is the subject of this lawsuit occurred, CPRC had no contract with the DOE and no involvement at Hanford. As a result, Defendants assert that Plaintiff sued the wrong party when it sued CPRC.

NOTICE OF REMOVAL - 4

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{01497517.DOC;2 }

12. Although Plaintiff asserts state law causes of action, adjudication of the elements of those causes of action will require this Court to resolve substantial disputed questions of federal law relating to this comprehensive scheme of federal laws and regulations. The Supreme Court has recognized that even in cases where the causes of action asserted by a plaintiff are couched exclusively in state law terms, federal question jurisdiction exists if resolution of those state law causes of action depends on resolution of substantial predicate questions of federal law. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936).

13. The express allegations of Plaintiff's First Amended Complaint underscore the removability of this action under the "substantial federal question" doctrine. Specifically, the Complaint alleges that through the acts and omissions of CPRC and CHG—which the First Amended Complaint characterizes CPRC and CHG respectively as a "contractor for the [DOE] Hanford" and "DOE's prime contractor responsible for the storage and retrieval of radioactive and hazardous waste at the Hanford Tank Farms" (First Amended Compl. at ¶¶1.2, 1.3)—exposed Plaintiff to radiation and/or other toxic chemicals, causing permanent and severe personal injuries and other damages to Plaintiff. (First Amended Compl. at ¶ 2.5).

14. Consistent with the characterization in the Plaintiff's own First Amended Complaint, CPRC and CHG—as DOE contractors—are governed by a comprehensive scheme of federal laws, including the Atomic Energy Act, Price-Anderson Act and Nuclear Waste Policy Act. *See* 42 U.S.C. §§ 2011 *et seq.*; 2210; 10101 *et seq.* Additionally, pursuant to its obligations under these Acts, the DOE has promulgated detailed and comprehensive orders, directives and regulations to which CHG and CPRC are subject. As such, any determination regarding the lawfulness of CPRC and CHG's actions at the Hanford site will require judicial

NOTICE OF REMOVAL - 5

*Cairncross & Hempelmann, P.S.*
**Law Offices**
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

evaluation of existing federal orders, directives and regulations governing such activities. Moreover, resolving each of Plaintiff's state law claims will require the Court to determine whether CPRC and CHG complied with federal laws and regulations—a federal question.

### PURSUANT TO 28 U.S.C. §1442, REMOVAL IS PROPER ON THE GROUNDS THAT THE ACTION IS AGAINST A FEDERAL OFFICER

15. This case also may be removed pursuant to 28 U.S.C. §1442 because it involves an action against a person acting under an officer of the United States. 28 U.S.C. §1442(a)(1); *Arness v. Boeing N. Am., Inc.*, 997 F. Supp. 1268 (C.D. Cal. 1998); *Blackman v. Asbestos Defendants (BHC)*, No. C-97-3066, 1997 WL 703773 (N.D. Cal. Nov. 3, 1997); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992); see *Mesa v. California*, 489 U.S. 121 (1989); *Jamison v. Wiley*, 14 F.3d 222, 237-39 (4th Cir. 1994).

16. Federal officer removal is proper where a defendant can: (1) establish that it acted under the direction of a federal officer; (2) raise a colorable federal defense; and (3) demonstrate a causal nexus between plaintiff's claims and the acts it performed under the color of federal office. *Fung*, 816 F. Supp. at 571-72; *Pack v. AC &S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993). The Supreme Court has emphasized that the federal officer removal statute is neither narrow nor limited. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (the policy underlying §1442(a)(1) "should not be frustrated by a narrow, grudging interpretation").

17. CHG was acting under the direction of the DOE Office of River Protection, the Richland Operations Office and its directors and officers, within the meaning of 28 U.S.C. § 1442(a)(1). As a prime contractor of the DOE Office of River Protection, all CHG's activities relating to radioactive and hazardous waste were performed pursuant to United States government contracts and in accordance

NOTICE OF REMOVAL - 6

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

with DOE directives, orders and regulations, under the direction of the DOE and its officers.

18. CHG satisfies the second prong of federal officer removal by presenting federal defenses, including the government contractor defense, derivative federal immunity, federal preemption, and the Defense Production Act. Defendants need not show that such defenses will prevail, but only that the defenses are colorable. *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (the stated federal defense "need only be plausible; its ultimate validity is not to be determined at the time of removal"); *Fung*, 816 F. Supp. at 573.

19. Under the government contractor defense, CHG is not liable to plaintiffs because the government mandated precise specifications and procedures regarding health and safety activities at the Hanford site; CHG's activities conformed to those detailed specifications and procedures; and CHG warned the government of risks of which the government was unaware. *Boyle v. United Tech., Corp.*, 487 U.S. 500, 512 (1988).

20. In addition, as a contractor performing the DOE's work, CHG is protected from liability under a derivative federal immunity. *Yearsley v. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940) ("if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will"); *see Boyle*, 487 U.S. at 505 n. 1 (1988) ("the liability of independent contractors performing work for the Federal Government, like the liability of federal officials, is an area of uniquely federal interest"). CHG's activities were performed in conformance with its contracts with the DOE and in accordance with DOE directives, orders and regulations. As such, CHG cannot be held liable for

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

alleged tort injuries arising from such actions. *See Myers v. United States*, 323 F. 2d 580, 583 (9th Cir. 1963).

21. In addition, CHG asserts the federal defense of preemption. The Nuclear Waste Policy Act, as its purpose, establishes "the Federal responsibility, and a definite Federal policy, for the disposal of [radioactive] waste and spent fuel" and "define[s] the relationship between the Federal Government and the State governments" with respect to this problem. 42 U.S.C. § 10131(b)(2) & (3). As such, preemption is a federal defense to Plaintiffs' claims. *See United States v. Morros*, 268 F. 3d 695, 702 (9th Cir. 2001) ("Congress may have preempted the field of nuclear waste disposal").

22. As a fourth defense, CHG asserts the Defense Production Act. Pursuant to the Defense Production Act, "no person shall be held liable for damages or penalties for any act or failure to act resulting directly or indirectly from compliance with a rule, regulation or order issued pursuant to this Act." 50 U.S.C. § 2061; *see Arness v. Boeing North Am.*, 997 F. Supp. 1268 (C.D. Cal. 1998).

23. Finally, the third prong of the federal officer removal test is satisfied because Defendants can show a causal nexus between the acts they performed under federal direction and the injuries alleged by Plaintiff. Plaintiff alleges injuries that resulted from a spill of high level nuclear waste that occurred at the S-102 underground storage tank at the DOE's "S" Tank Farm at Hanford. Plaintiffs' allegations implicate CHG's health and safety activities at the Hanford site. The DOE's directors and officers, including officers of its Office of River Protection, controlled and directed all health and safety activities implicated by Plaintiff's allegations through, among other things, its contract with CHG and DOE orders, directives and regulations. Thus, Defendants satisfy the third prong of the federal

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{01497517.DOC;2 }

officer removal test. *See Blackman v. Asbestos Defendants (BHC)*, No. C-97-3066, 1997 WL 703773 (N.D. Cal. Nov. 3, 1997) (requirement of a "causal nexus" satisfied by proof that a contractor is "acting under" a federal officer").

### THE PRICE-ANDERSON ACT: ORIGINAL JURISDICTION

24. 28 U.S.C. § 1441(a) provides for removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." The Court has original jurisdiction over this matter pursuant to the Price Anderson Act, codified at 42 U.S.C. §2210 (the "Price-Anderson Act").

25. The Price-Anderson Act states:

> With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place, or in the case of a nuclear incident taking place outside the United States, the United States District Court for the District of Columbia, <u>shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy</u>. Upon motion of the defendant or of the Commission or the Secretary, as appropriate, any such action pending in any State court (including any such action pending on August 20, 1988) or United States district court shall be removed or transferred to the United States district court having venue under this subsection....

42 U.S.C. §2210(n)(F)(2) (emphasis added).

### OTHER PROCEDURAL REQUIREMENTS

26. Defendants will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file with the Clerk of the Superior Court of the State of Washington, King County, a Notice of Filing of Notice of Removal. *See* 28 U.S.C. § 1446(d).

27. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

NOTICE OF REMOVAL - 9

*Cairncross & Hempelmann, P.S.*
**Law Offices**
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

## CONCLUSION

Defendants have presented three independent grounds for removal, any one or all of which permit removal of the case to this Honorable Court: (1) the claims arise under the Constitution, treaties or laws of the United States and are, therefore, removable pursuant to 28 U.S.C. §1441(b); (2) this civil action is against entities that were acting under the direction of a federal officer such that removal is proper under 28 U.S.C. §1442; and, (3) the Price-Anderson act provides for original jurisdiction in this Court. Based upon the grounds set forth above, this matter is removable and should proceed before this Court.

DATED this 4th day of November, 2010.

CAIRNCROSS & HEMPELMANN, P.S.

/s/James P. Wagner
James P. Wagner, WSBA No. 10730
E-Mail: jwagner@cairncross.com
Attorneys for Defendants
CH2M Hill Plateau Remediation Company
and CH2M Hill Hanford Group, Inc.

NOTICE OF REMOVAL - 10

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{01497517.DOC;2 }

## Certificate of Service

I, Sara Webster, certify under penalty of perjury of the laws of the State of Washington that on November 4, 2010, I electronically filed this document entitled Notice of Removal with the Clerk of the Court using the CM/ECF system. A copy of this document will be delivered via legal messenger on November 4, 2010 to the following persons via LEGAL COURIER:

Plaintiff Lonnie Poteet's Counsel:

Mark Schoener, WSBA 8564
Hart Schoener Bliss, PS
12535 15th Ave NE, Ste 100
Seattle, WA 98125

DATED this 4th day of November, 2010, at Seattle, Washington.

_____
Sara Webster, Legal Assistant

NOTICE OF REMOVAL - 11

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{01497517.DOC;2 }